State v. Bartlett.

THE STATE *versus* ANSON BARTLETT & al.

In a charge for a conspiracy, if the act to be done is in itself illegal, the indictment need not set forth the means by which it was to be accomplished.

If the act to be done is not in itself unlawful, but becomes so from the purposes *for* which, and the means *by* which, it is to be done, the indictment must set out enough to show the illegality.

The crime of conspiracy to obstruct and injure the administration of public justice consists in the unlawful purpose.

An indictment, charging a conspiracy to hinder and injure the administration of public justice, by obtaining a counterfeit bill from the hands of a person to whom it had been uttered, so that it could not be had as evidence upon a criminal prosecution, is sufficient. It need not allege the means to be used, nor that the bill was in the hands of the person named, nor need the bill be described, nor need it be alleged, that the defendants knew that it had been uttered wilfully.

THIS was an indictment against defendants for a conspiracy.

The defendants contended that the second count was insufficient in law.

1. Because it does not particularly set forth the means intended to be employed by the defendants, and show that those means were illegal and criminal.

2. Because it does not set forth specifically the object, purpose and intentions of the alleged conspiracy, and show that such objects constituted crime, in law.

3. Because said indictment does not set forth any certain description of crime, and does not state the facts by which any crime is constituted.

4. Because the conspiracy, as charged, is not to do an illegal act in itself; and the object to be effected thereby and the means to be employed to effect it, are not sufficiently set forth.

5. Because it does not set forth that said "counterfeit bank bill," was in the hands, possession, or under the control of said Gilmore, or that said Gilmore in fact had such bill or any right to it.

6. Because it does not sufficiently set forth and describe said bill.

7. Because said count does not set forth, that said Fish

knew that the bill was not true and was false and counterfeit, or that said Bartlett and Hewett knew that said Fish had so uttered said bill, or that it was false and counterfeit.

But the Court overruled the objections, and ruled that the indictment was sufficient, to which rulings the said defendants excepted.

*Morrill* and *Bradbury*, for defendants.

The charge is of a conspiracy to hinder, obstruct and injure the administration of public justice.

The inquiry is, when may an individual be said to do an " illegal act," " injurious to the administration of public justice ?"

1. " The act," must in and of itself, be " illegal," independent of, and without respect " to, the administration of public justice." The act must be shown to be *unlawful; malum prohibitum* or *malum in se.*

2. It must be injurious to the " administration of public justice."

3. In order to " injure the administration of public justice," " *public* justice" must be in the *act* or *condition*, of being administered. The term implies *doing*, and not a *state*, a procedure, the *act of administering*.

The indictment is insufficient in this: — 1. It does not allege or charge that " any illegal act," was done, nor an " intent to do an illegal act," for any purpose. 2. Nor does it allege that public justice was being administered, that there were, or were to be, any judicial proceedings. Nor does it appear, or is it possible to conceive how " *the administration of public justice*," was to be injured and obstructed by the attempt to obtain the bill.

The rule is, when the acts set out are not of themselves necessarily unlawful, but become so by their peculiar relations or circumstances, all the matters must be set forth in which its illegality consists. 1 Chit. Crim. Law, 189 ; *The People* v. *Eckford,* 7 Cowen, 535 ; *Lambert* v. *The People,* 9 Cowen, 578 ; Law Reporter, April No. ; 4 Wend. 229.

It is not even charged that Gilmore had such bill in his

possession. Whether what is alleged they conspired to do, be unlawful, depends upon the *means* used, or the *objects* aimed at.

It is not charged that they resorted to any "illegal acts," or used any improper means, to effect the purpose, or *that in fact any* act was done to obtain the bill. It is a charge for conspiracy "to obtain," not for obtaining. They conspired to obtain, but never did obtain.

The bill is not sufficiently described. 1 Chit. Crim. Law, 142.

*Tallman,* Attorney General, for the State.

TENNEY, J. — The persons against whom the verdict was rendered, with John C. Fish, who was acquitted, were charged in the second count in the indictment, with unlawfully conspiring, combining, confederating and agreeing together, deceitfully and fraudulently to obtain from Arza Gilmore and to get into their possession, a certain false, forged and counterfeit bank bill, which the said John C. Fish had before that time uttered and tendered in payment as true to the said Gilmore, with the fraudulent intent, wrongfully and wickedly to hinder, obstruct and injure the administration of public justice, against the peace of the State, and contrary to the form of the statute in such case made and provided. The statute relied upon in support of this indictment, is c. 161, § 11, which provides among other things, that if two or more persons shall conspire, confederate and agree together with the fraudulent and malicious intent, wrongfully and wickedly to do any illegal act, injurious to the administration of public justice, shall be deemed guilty of conspiracy.

A conspiracy at common law, consists in the unlawful agreement of two or more persons to compass or promote some criminal or illegal purpose, or in the unlawful agreement to compass or promote a purpose not in itself criminal or unlawful, by criminal and unlawful means. If the crime consists in the illegal object, the purpose must be clearly and fully stated in the indictment. When the act is itself illegal there is no occasion to state the means by which the conspira-

cy was effected. When an indictment charged that the defendant conspired by divers false pretences, and subtle means and devices, to obtain from another large sums of money, and to cheat and defraud him thereof, it was held that the gist of the offence being the conspiracy, it was quite sufficient to state only that fact and its object, and not set out the specified pretences. 2 Leach, 796 ; 2 B. & Ald. 204.

If the act becomes illegal from the means used to effect it, so much must be set out in the indictment as will show its illegality, and charge the defendant with a substantive offence. In a combination to marry paupers, in order to throw the burden of maintaining them, on another parish, it is necessary to show that some threat, promise, bribe or sinister means were used, because the act of the marriage being itself lawful, the procuring it requires this explanation, in order to be charged as a crime. East's P. C. 461—2 ; *Commonwealth* v. *Hunt*, 4 Metc. 111.

These principles of the common law are applicable to prosecutions for conspiracies under the statute, inasmuch as the latter has furnished no modes by which prosecutions may be conducted. Such modes are to be sought in the rules prescribed by the common law.

The crime charged in this indictment, consisted in the conspiracy, with the fraudulent intent, wrongfully and wickedly to hinder, obstruct and injure the administration of public justice by the means alleged in general terms in the indictment. The crime consisted in the illegal purpose to be promoted by the combination, and not by illegal and criminal means to effect a purpose, not unlawful. The means in themselves considered might have been lawful. The indictment states distinctly, the combination to obtain possession of the bill, alleged to be counterfeit, which was tendered to Gilmore by Fish, as true and in payment ; and for the purpose of hindering, obstructing and injuring the administration of public justice. It is objected, that the indictment does not set forth, specifically, the means intended to be employed in effecting the purpose entertained, and show that those means were criminal ; also that it does

not set forth specifically, the object, purpose and intention of the alleged conspiracy, and show that such objects constituted a legal crime. We have already seen, that if the purpose be unlawful, the means may not be stated ; and if they are stated, it is not essential, that they should be unlawful aside from the object, which they were designed to promote. If the counterfeit bill had been tendered and passed to Gilmore, as charged in the indictment, and the defendants had conspired together to obtain that bill, and it was done with the design to hinder, obstruct and injure the administration of public justice, it cannot with propriety be said, that more was necessary to establish their guilt, because they had not disclosed in what particular form, they believed that public justice would be administered, or what would be the particular consequences, if any judicial investigation should be made. Their opinions might have been entirely vague upon that subject, although they might well apprehend, that the uttering of such a bill might expose some one to danger, if it remained in the hands of the person, who was supposed to have it in possession.

If they attempted by a conspiracy to obtain the bill from Gilmore, in order to prevent an examination by a magistrate, a Court or a jury, touching all the facts and circumstances with its possession by Fish, and his uttering the same to Gilmore, it was a distinct and an unlawful purpose. The destruction of the bill, or the withdrawal of it, so that it could not be had at such examination, would be a hindrance, an obstruction and injury to the administration of public justice, and injurious thereto. By the authority of adjudged cases, a more specific description of the purpose was not required. *King* v. *Eccles*, 3 Douglas, 337.

It is further objected, that the counterfeit bank bill is not alleged in the indictment to be in the hands, possession or control of Gilmore, or that he had such bill or right thereto ; also, that the bill is not described ; and that it is not alleged that Fish knew the bill was not true, or that the other defendants knew that said Fish had uttered the bill, or that it was false.

If it was the intention of the defendants to obtain the pos-

session of the bill, in order to prevent a judicial investigation, touching the character of it, and the acts and motives of Fish, in uttering it; and they agreed together to promote that purpose, it was such a conspiracy as the statute contemplates. The possession and the rightful control of the bill by Gilmore, the particular description of the bill, the knowledge of Fish, that it was spurious, or of the other two persons charged in the indictment, that Fish had passed the bill, and that it was counterfeit, were not necessary elements, to constitute the crime, for which they were indicted. The combination and the unlawful purpose could exist, and all these facts be wanting.

*Exceptions overruled.*